IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| OSMAN KALOKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-01243(RDA/MSN) |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("Defendant") Motion for Summary Judgment ("Motion") (Dkt. 11). The Court dispenses with oral argument as it would not aid in the decisional process. Local Civ. R. 7(J); Fed. R. Civ. P. 78. Accordingly, this matter is now fully briefed and ripe for disposition. Considering Defendant's Motion (Dkt. 11); Defendant's Memorandum in Support of the Motion (Dkt. 12) and attachments thereto (Dkt. Nos. 12-1; 12-2; 12-3; 12-4; 12-5; 12-6); Plaintiff Osman Kaloko's ("Plaintiff") Memorandum in Opposition to the Motion[1] (Dkt. 14); and Defendant's Reply (Dkt. 15), and for the following reasons, it is hereby ORDERED that Defendant's Motion is GRANTED.

---

[1] Under the Local Civil Rules, the deadline for Plaintiff to oppose Defendant's Motion was July 13, 2021. Loc. Civ. R. 7(F)(1). Plaintiff filed his Opposition on July 20, 2021. Dkt. 14. Despite his untimely submission, the Court has nevertheless considered Plaintiff's Opposition.

## I.  BACKGROUND

### A.  Factual Background

Plaintiff is a Virginia resident and, during the relevant time period, was Defendant's customer. Dkt. 1-1, 1. Defendant is a bank that leased a suite in an office building located at 1753 Pinnacle Drive in McLean, Virginia ("Building"). *Id.*; Dkt. Nos. 12, 1; 12-1.

On July 23, 2018, Plaintiff entered the Building to "conduct routine banking activities" with Defendant. Dkt. 1-1, 2. While walking down a set of steps, Plaintiff fell and landed on the ground. Dkt. 12-5. Plaintiff alleges that his fall resulted in a dislocation fracture of his left shoulder for which he required surgery. Dkt. 1-1, 2. Plaintiff asserts that he fell "due to the presence of a slippery substance or cleaning agent[.]" *Id.*

During his deposition, Plaintiff testified that he recalled that the floor he landed on was wet but that he did not see if the place where he originally slipped was wet. Dkt. 12-3, 30-33. Plaintiff also testified that he did not know how the floor became wet or whether any of Defendant's employees knew that it was wet prior to his fall. *Id.* at 33. Plaintiff alleges that his fall was the result of Defendant's failure to prevent the alleged "slippery substance" from being on the ground, inspect the Building's premises in a timely manner, "provide safety walk off mats[,]" and clean up the "slippery substance." Dkt. 1-1, 2. To this end, Plaintiff has brought a single claim of negligence against Defendant. *Id.* at 3.

Yet, the Building is owned and managed by an entity entitled Corporate Office Properties Trust ("COPT"). Dkt. Nos. 12, 2; 12-2, 10-12. Matthew Waiter ("Waiter"), COPT's senior property manager, testified that the area in which Plaintiff fell was a lobby considered to be a common area of the building. Dkt. 12-2, 10, 16-17, 21-22. Waiter testified that COPT—not

Defendant—was solely responsible for maintenance, cleaning, and upkeep of that area. *Id.* at 16-17, 22-24.

### B.  Procedural Background

On July 24, 2020, Plaintiff filed his Complaint (Dkt. 1-1) in the Circuit Court for Prince William County. Dkt. 12, 1. On October 20, 2020, Defendant removed the case to this Court (Dkt. 1), without objection. On June 29, 2021, Defendant filed its Motion (Dkt. 11), which Plaintiff opposed (Dkt. 14). On July 21, 2021, Defendant filed its Reply (Dkt. 15). Accordingly, this Memorandum and Opinion serves to address Defendant's Motion.

## II.  STANDARD OF REVIEW

Motions for summary judgment are provided for under Federal Rule of Civil Procedure 56(a). On a summary judgment motion, if "the movant shows that there is no genuine dispute as to any material fact [then] the movant is entitled to judgment as a matter of law." *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 283 (4th Cir. 2013) (en banc) (quoting Fed. R. Civ. P. 56(a)). When considering such a motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Greater Balt. Ctr.* 721 F.3d at 283 (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). It is the court's function "to determine whether there is a genuine issue for trial" not "to weigh the evidence and determine the truth of the matter." *Greater Balt. Ctr.* 721 F.3d at 283 (quoting *Anderson*, 477 U.S. at 249).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no *genuine* issue of material fact." *Anderson*, 477 U.S. at 247-28. A "material fact" is one that might affect the outcome of a party's case. *Id*. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material fact" arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the non-moving party's favor. *Anderson*, 477 U.S. at 248. Rule 56(e) requires the non-moving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### III. ANALYSIS

In his Complaint, Plaintiff maintains that Defendant was negligent, and therefore liable to Plaintiff, for four reasons: Defendant (1) "allow[ed] a slippery substance to be present on the floor" of the lobby "during normal business hours[;]" (2) did not "inspect, in an adequate and timely manner, the lobby/floor for slippery or foreign substances in accordance with Defendant's own standards and reasonable safety standards[;]" (3) failed "to provide safety walk off mats in an area that Defendant knew to be hazardous to its customers; and" (4) allowed "slippery substances to remain on the floor" of its lobby "for such a length of time as to have been discovered and removed by [ ]Defendant, and its agents and employees using reasonable and ordinary care." Dkt. 1-1, ¶ 5.

Defendant argues that summary judgment should be entered in its favor for two reasons. *See generally* Dkt. 12.  First, Defendant maintains that Plaintiff has failed to establish that Defendant owed him a duty of care. *Id*. at 5-9.  Second, Defendant argues that, even if it owed Plaintiff a duty, Plaintiff has not shown that Defendant breached that duty. *Id*. at 9-12.  To this end, Defendant contends that Plaintiff has failed to show that Defendant "created or had notice of the allegedly dangerous condition at issue," therefore, Plaintiff has not met his burden of demonstrating that the case should proceed to trial. *Id*. at 9-12.

Plaintiff argues that summary judgment should be denied because there are genuine issues of material fact.  Dkt. 14, 4-5.  He claims that there are genuine disputes as to whether the lobby was leased to Defendant and whether Defendant is responsible for maintaining that area. *Id*.  He also argues that there is a genuine issue concerning whether Defendant had notice of the slippery substance that Plaintiff alleges he slipped on. *Id*. at 5.

"It is a long-recognized principle that federal courts sitting in diversity" as this Court is here, *see* Dkt. Nos. 1, ¶ 7; 1, ¶ 1, 3, "'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)).  Thus, this Court applies Virginia law in determining whether summary judgment should be entered as to Plaintiff's negligence claim.

In Virginia, "a store owner has the duty to exercise ordinary care in providing a reasonably safe premises for its invitees." *Palmer v. Big Lots Stores, Inc.*, No. 3:14-cv-276, 2015 WL 163255, at *7 (E.D. Va. Jan. 12, 2015), *aff'd*, 621 F. App'x 241 (4th Cir. 2015).  To establish a claim of negligence, Plaintiffs must prove "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *Palmer*, 2015 WL 163255, at *7 (quotation omitted).

A. Plaintiff Has Not Demonstrated that there is a Genuine Issue as to Whether Defendant Owed Him a Duty

This Court is constrained to grant summary judgment in Defendant's favor as Plaintiff has not met its burden of showing that there is a genuine dispute as to a material fact such that this case should proceed to trial.

As this Court has explained, "[i]n Virginia, the rules applicable to slip-and-fall cases are 'well-settled.'" *Douglas v. Kroger Ltd. P'ship I*, No. 4:13-cv-97, 2014 WL 504717, at *3 (E.D. Va. Feb. 7, 2014) (internal quotation and citation omitted). Under that jurisprudence, "[a] store owner owes its customers a duty to exercise ordinary care towards them while they are *on the premises*." *Id*. (citation omitted) (emphasis added).

Here, the parties seem to agree that Plaintiff's fall occurred in the Building located at 1753 Pinnacle Drive in McLean, Virginia. *See* Dkt. Nos. 1-1, ¶¶ 3, 5; Dkt. 12, ¶ 1. But here, the relevant inquiry is whether the area in the Building is considered part of Defendant's "premises" as defined under Virginia and where Defendant was a tenant who leased a certain portion of the Building. In support of its Motion, Defendant has submitted its Lease Agreement, which includes a floorplan of the building, and transcripts from various depositions, amongst other evidence. *See* Dkt. Nos. 12-1; 12-2; 12-3; 12-4; 12-5; 12-6.

Under the Lease Agreement, COPT agreed to lease to Defendant a specific area of the Building, which in that agreement is defined as the "Premises." Dkt. 12-1, 6. In the Lease Agreement the "Premises" are described as "collectively, (i) the Suite 120 Premises and (ii) the Suite 200 Premises, as such terms are defined" in that agreement. *Id*. at 4. The Suite 120 and 200 Premises are also marked in red on the floorplans attached to the Lease Agreement. *Id*. at 51-52. Additionally, the term "common areas" is set forth in that document, and significantly COPT is deemed responsible for maintenance of the "common areas." Dkt. 12-1, 12. The

5

"common areas" are defined as "those areas and facilities at the" Building "that may be from time to time furnished to the Building by" COPT "for the non-exclusive general common use of tenants and other occupants of the Building, their officers, employees, and invitees, including (without limitation) the hallways, stairs, parking facilities, washrooms, and elevators." *Id*.

Moreover, the deposition transcripts that Defendant has filed cast doubt on Plaintiff's suggestion that he fell on Defendant's premises. In support of its Motion, Defendant submitted a transcript of Plaintiff's deposition. *See generally* Dkt. 12-3. In his deposition, Plaintiff identified the area where he fell. Dkt. 12-3, 34-35.

Another transcript is of Waiter's deposition. *See generally* Dkt. 12-2. Mr. Waiter testified that the area where Plaintiff acknowledged he fell was not within the "Premises" that were leased to Defendant, as defined in the Lease Agreement. *Id*. at 14-17, 18-24; Dkt. 12-1, 51-52. Waiter explained that the area where Plaintiff fell was in one of the building's "common area[s,]" and that Defendant was not responsible for repairing, cleaning, or maintaining that location. Dkt. 12-2, 24.

In response to this evidence, Plaintiff baldly asserts that "the entry and stairways" of the Building "form an integral part of [ ] [D]efendant's lease" and that "[t]here is a material issue in dispute [] as to whether" the place where Defendant fell forms "a part of the premises leased to [ ] [D]efendant and whether [ ] [D]efendant is responsible for maintaining" that area. Dkt. 14, 5. However, given that Defendant has properly made and supported its Motion, Plaintiff bears the burden of demonstrating that a genuine dispute exists. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87. And as explained above (*supra*, p. 3-4), to do so, Plaintiff must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp.*, 477

6

U.S. 317, 324 (1986).  Plaintiff has not done so with respect to demonstrating that Defendant owed him a duty.  Accordingly, the Court finds that Plaintiff has not met its burden of establishing that there is a genuine issue suitable for trial.

B.  Plaintiff Has Not Demonstrated a Genuine Issue as to Whether Defendant Breached a Duty to Plaintiff

Similarly, Plaintiff has not shown that there is a genuine issue of material fact concerning whether Defendant breached a duty that it may have owed Plaintiff.

Under Virginia law, "[w]hen there is no evidence that the store owner actually created a dangerous condition on its premises, the plaintiff may instead prove breach of the duty by showing that the defendant had actual or constructive notice of the hazard that allegedly resulted in the plaintiff's injury." *Palmer*, 2015 WL 163255, at * 7 (citation omitted).  "Thus, Virginia law distinguishes between cases where a plaintiff alleges negligence from a defendant's 'affirmative conduct,' and cases where a plaintiff alleges negligence from a defendant's 'passive conduct.'" *Id*. at * 8 (citation omitted).  Here, Plaintiff does not assert that Defendant created the dangerous condition that caused his fall.  Indeed, Plaintiff has admitted that he does not know how the floor became wet, who caused the floor to become wet, and that he "cannot tell when or how the hazard that led to [ ] [his] injury was created." Dkt. Nos. 12-3, 33; 12-4, 10.  Instead, it seems Plaintiff's theory is that Defendant breached its duty to him through its actual or constructive notice of the slippery substance.  *See* Dkt. 1-1, ¶ 5; *see also* Dkt. 12, 4-5.

It is clear that "[i]f an ordinarily prudent person, given the facts and circumstances the [ ] [business] knew or should have known, could have foreseen the risk of danger resulting from such circumstances, the [ ] [business] had a duty to exercise reasonable care to avoid the genesis of the danger." *Palmer*, 2015 WL 163255, at *7 (citation omitted).  And "[w]here a plaintiff lacks evidence as to why an injury occurred, he or she may present evidence of the defendant's

7

actual or constructive notice." *Id*. (citation omitted). Under a constructive notice theory, "the condition must pose a foreseeable risk of danger in order for knowledge of that danger to be imputed to the owner of the premises." *Id*. (citation omitted). "A plaintiff may prove constructive notice by introducing evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Id*.

But Plaintiff has not offered any evidence that would tend to support his theory of actual or constructive knowledge. For one, during his deposition, Plaintiff testified that he did not know whether Defendant's employees actually knew the floor was wet before he fell. Dkt. 12-3, 33. And in opposing Defendant's Motion, Plaintiff has not offered any evidence that would tend to show that Defendant had actual knowledge of some slippery substance that was in that area prior to Plaintiff's fall. *See generally* Dkt. 14.

Instead, Plaintiff speculates as to why he thinks Defendant may have had constructive knowledge. *Id*. at 4-5. Plaintiff hypothesizes that Defendant had such knowledge because:

> [D]efendant had been open for business on t[he] day [in question since 9 AM and had been conducting business on the premises. Plaintiff entered the premises at about 1:10 PM, approximately 4 and half [sic.] hours later. Had [D]efendant taken the time to conduct a reasonable inspection of the premises, [ ] [it] would've discovered that the stairs leading to their branch were wet and slippery, posing a danger to the safety and well being of [ ] [its] customers. Whilst Plaintiff cannot ascertain precisely when the slimy or slippery material might have been spilled onto the stairs, [P]laintiff will state that (assuming the building is cleaned every morning prior to commencing operations) the slippery substance would've been on the floor for hours prior to [ ] [P]laintiff's arrival.

*Id*. This is insufficient for Plaintiff to meet his burden. Notwithstanding that Plaintiff's claims have not gone beyond his own naked assertions, *Celotex Corp.*, 477 U.S. at 324, "[i]t is the responsibility of the Plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess and random judgment, [ ]he cannot recover[,]" *Cerquera v. Supervalue, Inc.*, 715 F. Supp. 2d 682, 686 (E.D. Va. 2010). Here, Plaintiff

8

expressly "assume[s]" facts without offering evidence to arrive at his conclusion that Defendant had constructive knowledge. *See* Dkt. 14, 5. Standing alone, these assumptions do not create a genuine issue of material fact as to whether Defendant breached a duty owed to Plaintiff such that this case should proceed to trial. Accordingly, the Court finds that Plaintiff has not met his burden.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion (Dkt. 11) is GRANTED.

The Clerk is directed to enter judgment for Defendant pursuant to Federal Rule of Civil Procedure 58 and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
August 24, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge